UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                               :

UNITED STATES OF AMERICA
                               :

      -v.-                         S4 05 Cr. 1067 (KMK)
                               :

DOUGLAS SHYNE,
NATASHA SINGH,
    a/k/a "Beatris Rodrigues,"
NATHANIEL SHYNE,
TOYBE BENNETT,
    a/k/a "Dmitriy Makarevich,"
    a/k/a "Dmitriy Makervish,"
    a/k/a "Eduardo Rodrigues,"
    a/k/a "Cecilio Pena,"
ROBERTO MONTGOMERY,
NARESH PITAMBAR,
JASON WATLER,
STEVEN RIDDICK,
NATHANIEL ALEXANDER, and
TIMOTHY MONTGOMERY,

              Defendants.

- - - - - - - - - - - - - - - - - -x

## <u>GOVERNMENT'S REQUESTS TO CHARGE</u>

 

MICHAEL J. GARCIA
*United States Attorney for the*
*Southern District of New York*
*Attorney for the United States*
*of America*

E. DANYA PERRY
DANIEL W. LEVY
*Assistant United States Attorneys*
    *-Of Counsel-*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                    :
UNITED STATES OF AMERICA
                                    :
        -v.-                              S4 05 Cr. 1067 (KMK)
                                    :
DOUGLAS SHYNE,
NATASHA SINGH,                      :
     a/k/a "Beatris Rodrigues,"
NATHANIEL SHYNE,                    :
TOYBE BENNETT,
     a/k/a "Dmitriy Makarevich,"   :
     a/k/a "Dmitriy Makervish,"
     a/k/a "Eduardo Rodrigues,"    :
     a/k/a "Cecilio Pena,"
ROBERTO MONTGOMERY,                 :
NARESH PITAMBAR,
JASON WATLER,                       :
STEVEN RIDDICK,
NATHANIEL ALEXANDER, and            :
TIMOTHY MONTGOMERY,
                                    :
            Defendants.
                                    :
- - - - - - - - - - - - - - - - - -x

## GOVERNMENT'S REQUESTS TO CHARGE

        Pursuant to Rule 30 of the Federal Rules of Criminal
Procedure, the Government respectfully requests that the Court
include the following in its charge to the jury.

**TABLE OF CONTENTS**

**Request No.**                                                    **Page**

1.   General Requests.. . . . . . . . . . . . . . . . . . . . . . 1

2.   The Indictment.. . . . . . . . . . . . . . . . . . . . . . . 2

**Count One -- Conspiracy To Commit Bank Fraud**

3.   The Indictment And The Statute.. . . . . . . . . . . . . . 5

4.   Purpose Of The Statute; Distinct From
         Substantive Offense.. . . . . . . . . . . . . . . . . . 6

5.   Elements Of Conspiracy.. . . . . . . . . . . . . . . . . . 8

6.   First Element -- Existence Of The Conspiracy.. . . . . . . 9

7.   Second Element -- Membership In The Conspiracy.. . . . . . 13

**Counts Two Through Eleven -- Bank Fraud**

8.   Substantive Offense. . . . . . . . . . . . . . . . . . . . 18

9.   The Statute And The Indictment . . . . . . . . . . . . . . 19

10.  Elements Of The Offense. . . . . . . . . . . . . . . . . . 22

11.  First Element -- Existence of Scheme or Artifice.. . . . . 24

12.  Second Element -- Participation In Scheme With
         Intent To Defraud.. . . . . . . . . . . . . . . . . . . 29

13.  Third Element -- Federally Insured Financial
         Institution.. . . . . . . . . . . . . . . . . . . . . . 33

14.  Aiding And Abetting/Willfully Causing A Crime. . . . . . . 34

**Counts Twelve Through Fourteen -- Money Laundering Conspiracy**

15.  General Instructions (18 U.S.C. § 1956). . . . . . . . . . 39

16.  Elements of the Conspiracy . . . . . . . . . . . . . . . . 41

17.  General Instructions.. . . . . . . . . . . . . . . . . . . 43

18.  Elements . . . . . . . . . . . . . . . . . . . . . . . . . 44

19.  First Element. . . . . . . . . . . . . . . . . . . . .  46

20.  Second Element -- Source of Funds. . . . . . . . . . .  48

21.  Third Element -- Defendant's Knowledge as to
        Source of Funds.. . . . . . . . . . . . . . . . . .  49

22.  Fourth Element -- Purpose of the Transaction . . . . .  50

**Count Fifteen -- Conspiracy To Sell or Receive Stolen Property
        in Interstate Commerce**

23.  The Indictment and the Statute.. . . . . . . . . . . .  52

24.  Elements.. . . . . . . . . . . . . . . . . . . . . . .  53

25   First Element -- Goods Stolen . . . . . . . . . . . .  55

26.  Second Element -- Sale or Receipt in Interstate
        Commerce. . . . . . . . . . . . . . . . . . . . . .  56

27.  Third Element -- Interstate Commerce . . . . . . . . .  57

28.  Fourth Element -- Value of Property Exceeds $5,000.. . .  58

29.  Fifth Element -- Knowledge or Belief Stolen . . . . . .  59

**Count Sixteen -- Unlawful Procurement of Naturalization**

30.  The Indictment and the Statute . . . . . . . . . . . .  61

31.  Elements . . . . . . . . . . . . . . . . . . . . . . .  62

32.  First Element -- Procuring Naturalization .. . . . . .  63

33.  Second Element -- Contrary to Law .. . . . . . . . . .  64

34.  Third Element -- Knowing and Willful Conduct . . . . .  65

**Further General Instructions**

35.  Venue. . . . . . . . . . . . . . . . . . . . . . . . .  66

36.  Conscious Avoidance/Willful Blindness. . . . . . . . .  69

37.  Time Of Conspiracies Charged/
        Variance In Dates, Amounts, And Facts Alleged.. . . .  72

iii

38.  Expert Testimony.. . . . . . . . . . . . . . . . . . . .  73

39.  Defendant's Right Not To Testify.. . . . . . . . . . .  75

40.  Limiting Instruction: Similar Act Evidence.. . . . . .  76

41.  Liability For Acts And Declarations Of Co-Conspirators..  78

42.  Limiting Instruction: Co-Conspirator Statements. . . .  79

43.  Use of Cooperating Witness.. . . . . . . . . . . . . .  80

44.  Uncalled Witness: Equally Available To Both Sides. . .  84

45.  Charts And Summaries.. . . . . . . . . . . . . . . . .  86

46.  Testimony Of Law Enforcement Officers. . . . . . . . .  88

47.  Persons Not On Trial.. . . . . . . . . . . . . . . . .  89

48.  Particular Investigative Techniques Not Required.. . .  90

49.  Use Of Evidence Obtained Through Searches. . . . . . .  91

50.  Stipulations Of Testimony. . . . . . . . . . . . . . .  92

51.  Stipulations Of Fact.. . . . . . . . . . . . . . . . .  93

52.  Preparation of Witnesses.. . . . . . . . . . . . . . .  94

53.  Character Witnesses. . . . . . . . . . . . . . . . . .  95

54.  Conclusion.. . . . . . . . . . . . . . . . . . . . . .  97

## **REQUEST NO. 1**

### **General Requests**

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.   Function Of Court And Jury

b.   Indictment Not Evidence

c.   Statements Of Court And Counsel Not Evidence

d.   Burden Of Proof And Presumption Of Innocence

e.   Reasonable Doubt

f.   Government Treated Like Any Other Party

g.   Inferences

h.   Definitions And Examples Of Direct And Circumstantial Evidence

i.   Credibility Of Witnesses

j.   Interest In Outcome

k.   Right To See Exhibits And Have Testimony Read During Deliberations

l.   Sympathy: Oath As Jurors

m.   Punishment Is Not To Be Considered By The Jury

n.   Verdict Of Guilt Or Innocence Must Be Unanimous

**REQUEST NO. 2**

**The Indictment**

The defendants are formally charged in an Indictment. As I instructed you at the outset of this case, the Indictment is a charge or accusation. It is not evidence. The Indictment in this case contains sixteen counts.

Count One of the Indictment charges defendants DOUGLAS SHYNE, NATASHA SINGH, a/k/a "Beatris Rodrigues," NATHANIEL SHYNE, TOYBE BENNETT, a/k/a "Dmitriy Makarevich," a/k/a "Dmitriy Makervish," a/k/a "Eduardo Rodrigues," a/k/a "Cecilio Pena," ROBERTO MONTGOMERY, NARESH PITAMBAR, JASON WATLER, STEVEN RIDDICK, NATHANIEL ALEXANDER, and TIMOTHY MONTGOMERY, and others known and unknown, with conspiracy to commit bank fraud by depositing stolen, altered and counterfeit checks drawn on accounts at banks such as Wachovia Bank, Bank of America, and Community Bank of Broward, among other banks, as well as proceeds from such checks, into accounts at numerous banks.

Counts Two through Eleven charge various defendants with actually committing bank fraud. Each of these charges concerns different banks and/or different stolen, altered, and/or counterfeit checks. As you will hear, actually committing bank fraud is a different offense from conspiring to commit bank fraud.

Counts Twelve through Fourteen charge various

2

defendants with conspiracy to launder money.  Count Twelve charges DOUGLAS SHYNE, NATASHA SINGH, and TOYBE BENNETT  with money laundering conspiracy.

Count Thirteen charges DOUGLAS SHYNE, NATASHA SINGH, TOYBE BENNETT, ROBERTO MONTGOMERY, NARESH PITAMBAR, JASON WATLER, STEVEN RIDDICK, NATHANIEL ALEXANDER, and TIMOTHY MONTGOMERY with money laundering conspiracy.

Count Fourteen charges DOUGLAS SHYNE, NATASHA SINGH, and NATHANIEL SHYNE with money laundering conspiracy.

Count Fifteen charges TOYBE BENNETT and ROBERTO MONTGOMERY with conspiracy to sell, receive, or possess stolen goods in interstate commerce.

Finally, Count Sixteen charges NATASHA SINGH with fraudulently procuring naturalization and/or citizenship.

I will now instruct you about the elements of each of these offenses.  First, I will describe the elements of conspiracy to commit bank fraud and substantive bank fraud. Those encompass the first eleven counts of the Indictment.

Next, I will describe the elements of the charges of conspiracy to launder money, which encompass Counts Twelve through Fourteen of the Indictment.

Then, I will describe the elements of conspiracy to sell, receive, or possess stolen goods in interstate commerce. This is Count Fifteen of the Indictment.

Finally, I will describe the elements of naturalization fraud, which is Count Sixteen of the Indictment.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 35-45; the charge of the Honorable Kevin Thomas Duffy in <u>United States v. Ogarro</u>, 92 Cr. 114 (S.D.N.Y. 1992); the charge of the Honorable Kevin Thomas Duffy in <u>United States v. Burnett</u>, 92 Cr. 731 (S.D.N.Y. 1993); and the charge of the Honorable Richard M. Berman in <u>United States v. Manuel Pena</u>, 00 Cr. 36 (S.D.N.Y. 2001).

4

## REQUEST NO. 3

### Count One -- Conspiracy To Commit Bank Fraud:
### The Indictment And The Statute

As I said, Count One of the Indictment charges the defendants with conspiring to commit bank fraud. Specifically, Count One charges, and I am reading now from the Indictment, that:

*[The Court is respectfully requested to read Count One of the Indictment, excluding the "overt acts" section.]*

The relevant statute on this subject provides:

Any person who attempts or conspires to commit any offense under this chapter [is guilty of a crime].

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 19-1.

5

<u>**REQUEST NO. 4**</u>

**Count One -- Conspiracy To Commit Bank Fraud:**
<u>**Purpose Of The Statute; Distinct From Substantive Offense**</u>

As I said, Count One charges a conspiracy to commit bank fraud.  A conspiracy is a kind of criminal partnership -- an agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy -- or unlawful agreement -- to commit bank fraud, as charged in Count One of the Indictment, is an independent offense.  That is, a conspiracy is separate and distinct from the actual violation of any specific federal law.

The actual violation of any specific federal law is referred to as a "substantive crime."  Counts Two through Eleven, the bank fraud counts, which I will discuss in a few moments, are "substantive crimes."

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, whether or not the object of the conspiracy is achieved.  This is because collective criminal activity posses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.  The law of conspiracy serves ends different from, and complementary to, those served by criminal prohibitions of the substantive offense.  Specifically, the law of conspiracy serves two independent values: (a) it protects society from the dangers of concerted criminal activity;

and (b) it serves a preventive function by stopping criminal conduct in its early stages of growth before it has a full opportunity to bloom.

Given that a conspiracy and a substantive crime are distinct and independent offenses, you may find the defendants guilty of the crime of conspiracy -- even if you find that they never actually committed the substantive crime that was the object of the conspiracy. By the same token, you can find the defendants guilty of committing bank fraud, even if you find the defendants not guilty of conspiracy to commit bank fraud.

> Adapted from the charges of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (S.D.N.Y. 1992), and United States v. Pignatiello, 96 Cr. 1032 (S.D.N.Y.); the charge of the Honorable John G. Koeltl in United States v. Szur, 97 Cr. 108 (S.D.N.Y. 1998); and Sand, Modern Federal Jury Instructions, Instr. 19-2; see United States v. Labat, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is its objective, the offense of conspiracy may be established even if the collaborators do not reach their goal.").

**REQUEST NO. 5**

**Count One -- Conspiracy To Commit Bank Fraud:**
**Elements Of Conspiracy**

In order to sustain its burden of proof with respect to the conspiracy charged in Count One, the Government must prove beyond a reasonable doubt the following two elements:

First, the existence of the conspiracy charged, that is, an agreement or understanding to violate the laws of the United States that make it a crime to commit bank fraud; and

Second, that the defendant that you are considering unlawfully, knowingly, and willfully became a member of the conspiracy.

Now let us separately consider the two elements.

Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (S.D.N.Y. 1992); and Sand, Modern Federal Jury Instructions, Instr. 19-3; see United States v. Maldonado-Rivera, 922 F.2d 934, 961-62 (2d Cir. 1990) (quoting district court charge setting forth three elements of conspiracy), cert. denied, 501 U.S. 1233 (1991); United States v. Ciambrone, 787 F.2d 799, 810 (2d Cir.) (discussing elements of conspiracy), cert. denied, 479 U.S. 1017 (1986).

8

### REQUEST NO. 6

### Count One -- Conspiracy To Commit Bank Fraud: First Element -- Existence Of The Conspiracy

Starting with the first element, what is a conspiracy? As I mentioned just a few minutes ago, a conspiracy is an agreement, or an understanding, between two or more people to accomplish by joint action a criminal or unlawful purpose. In this instance, the unlawful purpose alleged to be the object of the conspiracy charged in Count One is the commission of bank fraud.

The gist, or the essence, of the crime of conspiracy is the unlawful agreement between two or more people to violate the law. As I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not relevant to the question of whether the conspiracy existed.

The conspiracy alleged here in Count One, therefore, is an _agreement_ to commit bank fraud. As I instructed you before, it is an entirely distinct and separate offense from Counts Two through Eleven, the _actual_ commission of bank fraud.

Now, to show a conspiracy, the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details. Common sense tells you that when people agree

9

to enter into a criminal conspiracy, much is left to the unexpressed understanding.  It is rare that a conspiracy can be proven by direct evidence of an explicit agreement.

In order to show that a conspiracy existed, the evidence must show that two or more persons, in some way or in some manner, either explicitly or implicitly, came to an understanding to violate the law and to accomplish an unlawful plan.

In determining whether there has been an unlawful agreement as alleged in the Indictment, you may consider the actions of all the alleged co-conspirators that were taken to carry out the apparent criminal purpose.  The old adage, "actions speak louder than words," applies here.  Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts on the part of the alleged individual co-conspirators.  When taken all together and considered as a whole, however, that conduct may warrant the inference that a conspiracy existed just as conclusively as more direct proof, such as evidence of an express agreement.

So, you must first determine whether or not the evidence established beyond a reasonable doubt the existence of the conspiracy charged in the Indictment.  In considering this first element, you should consider all the evidence that has been admitted with respect to the conduct and statements of each

10

alleged co-conspirator, and any inferences that may reasonably be drawn from that conduct and those statements.  It is sufficient to establish the existence of the conspiracy, as I have already said, if, from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the minds of at least two alleged co-conspirators met in an understanding way, to accomplish the objective of the conspiracy charged in the Indictment.

### Object Of The Conspiracy -- Bank Fraud

The object of a conspiracy is the illegal goal that the co-conspirators agreed, or hoped, to achieve.  The Indictment here charges that the conspiracy alleged in Count One had as its object the commission of bank fraud.  I will explain in detail the law regarding bank fraud, including the elements of bank fraud, later in my instructions.

> Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (S.D.N.Y. 1992); the charge of the Honorable Kevin T. Duffy in United States v. Ogarro, 92 Cr. 114 (S.D.N.Y. 1992); the charge of the Honorable Kevin T. Duffy in United States v. Burnett, 92 Cr. 731 (S.D.N.Y. 1993); and Sand, Modern Federal Jury Instructions, Instr. 19-4; see United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice.  The conspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at cross-purposes.") (citations omitted); United States v. Montour, 944 F.2d 1019, 1025 (2d Cir. 1991) ("To prove the existence of an agreement, the government need not

present evidence of a formal arrangement between the co-conspirators.  Rather, it is sufficient if the government can demonstrate that the defendant acted together with others to realize a common goal") (citations omitted); <u>United States v. Rubin</u>, 844 F.2d 979, 983-84 (2d Cir. 1988) (generally discussing proof of agreement).

<u>**REQUEST NO. 7**</u>

**Count One -- Conspiracy To Commit Bank Fraud:**
<u>**Second Element -- Membership In The Conspiracy**</u>

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count One of the Indictment existed, then you must next determine the second question:  Whether the defendants participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective.

In this regard, what the Government must prove beyond a reasonable doubt is that the defendant that you are considering unlawfully, knowingly, and willfully entered into the conspiracy with a criminal intent -- that is, with a purpose to violate the law -- and that the defendant agreed to take part in the conspiracy to promote and cooperate in its unlawful objective.

<u>**"Unlawfully," "Willfully," And "Knowingly" Defined**</u>

The term "unlawfully" simply means contrary to law.  In order to prove that the defendant acted "unlawfully," the Government need not prove that the defendant that you are considering knew that he was breaking any particular law or any particular rule.  The Government must only show that the defendant that you are considering was aware of the generally unlawful nature of his acts.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

13

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that it is to say, with a bad purpose either to disobey or disregard the law.

Now, science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. However, you have before you the evidence of certain acts, conversations, and statements alleged to involve the defendant and others. The Government contends that these acts, conversations, and statements show, beyond a reasonable doubt, the defendants' knowledge of the unlawful purpose of the conspiracy.

It is not necessary for the Government to show that the defendant that you are considering was fully informed as to all the details of the conspiracy in order for you to infer knowledge on his part. To have guilty knowledge, a defendant need not know the full extent of the conspiracy, or all of the activities of all its participants. It is not even necessary for a defendant to know every other member of the conspiracy. In fact, the defendant may know only one other member of the conspiracy and still be a co-conspirator. Nor is it necessary for a defendant to receive any monetary benefit from his participation in the conspiracy, or to have a financial stake in the outcome. It is enough if he participated in the conspiracy unlawfully, willfully, and knowingly, as I have defined those terms.

14

The duration and extent of a defendant's participation has no bearing on the issue of that defendant's guilt.  The defendants need not have joined the conspiracy at the outset.  They may have joined it at any time -- at the beginning, in the middle, or at the end.  Regardless of when each may have joined, he will still be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while he was a member.

Each member of a conspiracy may perform separate and distinct acts.  Some conspirators play major roles, while others play minor roles.  An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw a defendant within the scope of the conspiracy.

However, I want to caution you that a person's mere association with a member of a conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is occurring.  In other words, knowledge of a conspiracy, without agreement to participate in it, is not sufficient.  What is necessary is that a defendant participated in the conspiracy with knowledge of its unlawful purposes, and with an intent to aid in the accomplishment of its unlawful objectives.

For example, some of the ways that the Government might satisfy this element include the defendant's presence at critical

15

stages or critical places related to the conspiracy that are not due to happenstance; the defendant's participation in conversations or communications directly related to the substance of the conspiracy; or receipt, or expectation of receipt, of a share of the profits of the conspiracy.  It is for you alone to determine what inferences concerning the defendant's participation in the conspiracy to draw from all of the evidence that you have heard.

In sum, the defendant that you are considering, with an understanding of the unlawful nature of the conspiracy, must have intentionally engaged, advised, or assisted in the conspiracy for the purpose of furthering an illegal undertaking.  The defendant thereby becomes a knowing and willing participant in the unlawful agreement -- that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members.  So, too, once a person is found to be a member of a conspiracy, he is presumed to continue his membership in the venture until its termination, unless it is shown by some affirmative proof that he withdrew and disassociated himself from it.

> Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (S.D.N.Y. 1992); and Sand, Modern Federal Jury Instructions, Instr. 19-6, 56-18; see United States v. Aleskerova, 300 F.3d 286, 292-93 (2d Cir. 2002) (describing manner in which Government may show participation in

16

conspiracy with required state of mind); <u>United States v. Rea</u>, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence.  A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member."); <u>United States v. Miranda-Ortiz</u>, 926 F.2d 172, 175-76 (2d Cir.) (generally discussing proof required to show membership in conspiracy), <u>cert. denied</u>, 112 S. Ct. 347 (1991); <u>United States v. Maldonado-Rivera</u>, 922 F.2d 934, 960 (2d Cir. 1990) (same), <u>cert. denied</u>, 111 S. Ct. 2858 (1991).

### REQUEST NO. 8

### Counts Two Through Eleven -- Bank Fraud:
### Substantive Offense

We come now to Counts Two through Eleven, the so-called substantive bank fraud counts.  Before I describe the elements of that offense, I would like to say something to you in further clarification of the difference between the conspiracy to commit bank fraud count, Count One, and the substantive counts, Counts Two through Eleven.  The violations charged in Counts Two through Eleven is alleged to be the object of the conspiracy charged in Count One.  Conspiracy as you will recall, is a crime separate from the violation that forms its object.  Because the Government contends that the substantive violations that I will now instruct you on actually occurred, the defendants are charged in the Indictment with committing the substantive offenses as well as with conspiracy.

> Adapted from the charge of the Honorable Leonard B. Sand in United States v. Pignatiello, 96 Cr. 1032 (S.D.N.Y. 1999).

18

## REQUEST NO. 9

### Counts Two Through Eleven -- Bank Fraud: The Statute And The Indictment

Counts Two through Eleven of the Indictment charges the defendants with violating Section 1344 of Title 18 of the United States Code, which is the bank fraud statute.

That statute provides in pertinent part that it is a crime to:

> knowingly execute[], or attempt[] to execute a scheme or artifice --
>
> (1) to defraud a financial institution; or
>
> (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises.

Counts Two through Eleven of the Indictment charge that various defendants executed, attempted to execute, participated in, and aided and abetted the execution and attempted execution of a scheme and artifice to defraud Wachovia Bank, Bank of America, Community Bank of Broward, JP Morgan Chase Bank, among other banks, by depositing stolen, altered, and/or counterfeit checks drawn on accounts at such banks, as well as proceeds from such checks, into accounts at numerous banks.

Specifically, Count Two charges that defendants DOUGLAS SHYNE, NATASHA SINGH, and TOYBE BENNETT defrauded Wachovia Bank by depositing a stolen check in the amount of $775,000.

19

Count Three charges that defendant Natasha Singh defrauded Bank of America by depositing a check in the amount of $150,000.

Count Four charges that defendants DOUGLAS SHYNE, NATASHA SINGH, TOYBE BENNETT, ROBERTO MONTGOMERY, NARESH PITAMBAR, JASON WATLER, STEVEN RIDDICK, and TIMOTHY MONTGOMERY defrauded Wachovia Bank by depositing three checks totaling $905,000.

Count Five charges that defendant DOUGLAS SHYNE, NATASHA SINGH, JASON WATLER, STEVEN RIDDICK, NATHANIEL ALEXANDER, and TIMOTHY MONTGOMERY defrauded Wachovia Bank by depositing two checks totaling $1 million.

Count Six charges that defendants DOUGLAS SHYNE, NATASHA SINGH, TOYBE BENNETT, and TIMOTHY MONTGOMERY defrauded Wachovia Bank and Community Bank of Broward by depositing two checks totaling $775,000.

Count Seven charges that defendants DOUGLAS SHYNE and NATASHA SINGH defrauded Wachovia Bank by depositing a check totaling $175,000.

Count Eight charges that defendant DOUGLAS SHYNE and NATASHA SINGH defrauded Bank of America by depositing a check totaling $375,000.

Count Nine charges that defendant DOUGLAS SHYNE, NATASHA SINGH, and NATHANIEL SHYNE defrauded Wachovia Bank by

20

depositing a check totaling $180,000.

Count Ten charges that defendants DOUGLAS SHYNE, NATASHA SINGH, and NATHANIEL SHYNE defrauded Bank of America by depositing two checks totaling $150,000.

Finally, Count Eleven charges that defendant DOUGLAS SHYNE defrauded JPMorgan Chase Bank (formerly Chase Manhattan Bank), among other banks, by causing stolen checks drawn on Chase and other accounts to be deposited into investment accounts established by DOUGLAS SHYNE and others in New York, New York for the purpose of withdrawing the proceeds from such stolen checks and laundering it through accounts and corporations controlled by DOUGLAS SHYNE.

Counts Two through Eleven reads as follows:

*[The Court is respectfully requested to read Counts Two through Eleven of the Indictment.]*

> Adapted from the charge of the Honorable Michael B. Mukasey in United States v. Bello, 91 Cr. 571 (S.D.N.Y. 1992), aff'd mem., 990 F.2d 622 (2d Cir. 1993); the charge of the Honorable Robert W. Sweet in United States v. Morgenstern, 89 Cr. 693 (S.D.N.Y. 1990), aff'd, 933 F.2d 1108 (2d Cir. 1991); the charge of the Honorable Pierre N. Leval in United States v. Gibson, 91 Cr. 669 (S.D.N.Y. 1992), and from Sand, Modern Federal Jury Instructions, Instr. 44-1 (mail and wire fraud) (based on the charge of the Honorable Edward Weinfeld in United States v. Ranney, 82 Cr. 771 (EW) (S.D.N.Y. 1983)).

<u>**REQUEST NO. 10**</u>

**Counts Two Through Eleven -- Bank Fraud:**
<u>**Elements Of The Offense**</u>

In order to prove the defendant that you are considering guilty of bank fraud, the Government must establish beyond a reasonable doubt the following three essential elements:

<u>First</u>, that on or about the dates set forth in the Indictment, in the Southern District of New York, the defendant that you are considering executed, attempted to execute, or participated in a scheme or artifice to defraud a bank, <u>or</u> that the defendant that you are considering executed, attempted to execute, or participated in a scheme or artifice to obtain money owned by or under the custody or control of a bank, by means of false or fraudulent pretenses, representations, or promises;

<u>Second</u>, that the defendant knowingly and willfully engaged in the scheme or artifice -- that is, that he acted with knowledge of the fraudulent nature of the scheme and with the specific intent to defraud the bank or to obtain, by deceiving the bank, money owned or controlled by that bank; and

<u>Third</u>, that the bank involved was federally insured.

I will now explain each of the three elements of bank fraud in more detail.

> Adapted from the charge of the Honorable Michael B. Mukasey in <u>United States v. Bello</u>, 91 Cr. 571 (S.D.N.Y. 1992), <u>aff'd mem.</u>, 990 F.2d 622 (2d Cir. 1993); the charge of the Honorable Robert W. Sweet in <u>United States v. Morgenstern</u>, 89 Cr. 693 (S.D.N.Y. 1990),

22

aff'd, 933 F.2d 1108 (2d Cir. 1991); the charge of the Honorable Pierre N. Leval in United States v. Gibson, 91 Cr. 669 (S.D.N.Y. 1992), and from Sand, Modern Federal Jury Instructions, Instr. 44-9.

**REQUEST NO. 11**

**Counts Two Through Eleven -- Bank Fraud:**
**First Element -- Existence Of Scheme Or Artifice**

The first element that the Government must prove beyond a reasonable doubt is that, on or about the dates set forth in the Indictment, there was: (a) a scheme or artifice to defraud a bank; <u>or</u> (b) a scheme or artifice to obtain money owned by or under the custody and control of a bank by means of false or fraudulent pretenses, representations, or promises that were material to the scheme.

The Government must prove the existence of only one of these. That is, the Government needs to prove <u>either</u> that there existed a scheme or artifice to defraud a bank <u>or</u> a scheme or artifice to obtain money, funds, credits or assets under the custody or control of a bank by means of fraudulent pretenses, representations, or promises. These are not necessarily mutually exclusive. If you find beyond a reasonable doubt that either one of these schemes or artifices, or both, existed, then the first element is satisfied. However, you must be unanimous in your view as to the type of scheme or artifice that existed.

I will now explain to you what these terms mean. They are almost self-explanatory.

A "scheme or artifice" is simply a plan, device, or course of conduct to accomplish an objective.

A "scheme to defraud" a bank is a pattern or course of

24

conduct designed to deceive a bank into releasing money or property, with the intent to threaten or victimize the bank by exposing it to actual or potential loss.  It is a term that embraces all possible means -- however ingenious, clever, or crafty -- by which a person seeks to gain some unfair advantage. A scheme to defraud can be accomplished through trickery, deceit, deception, or swindle.  It includes intentional misrepresentation and false suggestion, suppression, or concealment of the truth.

That defines a scheme to defraud a bank -- the first type of scheme prohibited by the bank fraud statute.

The second type of scheme charged is a scheme to obtain a bank's money by means of false or fraudulent pretenses, representations, or promises.  As to this type of scheme, the Government must show that false or fraudulent pretenses, representations, or promises were employed, and that they were directed at the bank with the intention of deceiving it.  The deceptive means that are prohibited are not limited to active misrepresentations or lies told to the bank.  Just as affirmatively stating facts as true when the facts are not true may constitute a false representation, the law recognizes that false representations need not be based on spoken words alone. The deception may arise from the intentional omission or concealment of facts that make what was written, said, or done deliberately misleading.  The misrepresentation may be written,

25

oral, or arise from a course of conduct intended to communicate false facts to the bank.

In addition, the false representations and pretenses must be "material." We use the word "material" to distinguish between the kinds of statements we care about and those that are of no real importance. A "material" fact is one which reasonably would be expected to be of concern to a reasonable and prudent person relying on the statement or writing in making a decision. That means that if you find a particular statement or writing to have been untruthful, before you can find that statement or omission to be material, you must also find that the statement or omission was one that would have mattered to a reasonable person in making such a decision.

It is unimportant whether the bank actually relied upon the misrepresentation. It is sufficient if the misrepresentation is one that is merely capable of influencing the bank's decision and is intended by the defendant that you are considering to do so.

Similarly, the Government need not prove an actual loss of funds by the bank. The success of a scheme to defraud is irrelevant; what matters is whether there existed a scheme to defraud. However, the Government must prove beyond a reasonable doubt that, by executing, attempting to execute, or participating in the scheme alleged in the Indictment, the defendant that you

26

are considering placed a bank at a <u>risk</u> of a loss, and that the
bank did not knowingly accept such risk.

Furthermore, it is unimportant whether any of the banks
involved might have discovered the fraud had it probed further or
that they did discover the fraud prior to cashing a check.  If
you find that a scheme or artifice existed, it is irrelevant
whether you believe that any of the banks involved was careless,
gullible, or even negligent.

In order to establish the existence of a scheme, the
Government is not required to establish that the defendants
originated the scheme to defraud.  As I will explain in more
detail later, it is sufficient if you find that a scheme to
defraud existed and that the defendant that you are considering
knowingly and willfully participated in that scheme with intent
to defraud, even if the scheme was originated by another.  Nor is
it necessary for the Government to establish that the scheme
actually succeeded -- that is, that the schemers realized any
gain from the scheme or that the intended victim suffered any
loss.  It is sufficient if the scheme was devised and employed.
The issue with respect to this first element is whether there was
such a scheme.

If you find that the Government has sustained its
burden of proof that a scheme to defraud a bank or to obtain
money from a bank by false or fraudulent pretenses or

27

representations did exist, you next should consider the second

element.

> Adapted from the charge of the Honorable Michael B.
> Mukasey in United States v. Bello, 91 Cr. 571 (S.D.N.Y.
> 1992), aff'd mem., 990 F.2d 622 (2d Cir. 1993); the
> charge of the Honorable Robert W. Sweet in United
> States v. Morgenstern, 89 Cr. 693 (S.D.N.Y. 1990),
> aff'd, 933 F.2d 1108 (2d Cir. 1991); the charge of the
> Honorable Pierre N. Leval in United States v. Gibson,
> 91 Cr. 669 (S.D.N.Y. 1992); Sand, Modern Federal Jury
> Instructions, Instr. 44-10; Neder v. United States, 527
> U.S. 1, 24-25 (1999); and from United States v. Thomas,
> 377 F.3d 232 (2d Cir. 2004).

**REQUEST NO. 12**

**Counts Two Through Eleven -- Bank Fraud:**
**Second Element -- Participation In Scheme With Intent To Defraud**

The second element that the Government must establish beyond a reasonable doubt is that the defendant that you are considering executed, attempted to execute, or participated in the scheme knowingly, willfully, and with the intent to defraud the bank or to obtain money owned or possessed by the bank, or under the bank's custody or control.

The terms "knowingly" and "willfully" have already been defined for you in connection with Count One. I will not repeat those instructions here.

To act with "intent to defraud" means to act willfully and with intent to deceive for purpose of causing some financial loss to another -- here, to deprive a bank of money or property.

The Government must prove that each of the defendants engaged in, or participated in, the scheme alleged with an understanding of its fraudulent or deceptive character and with an intention to help it succeed. As I mentioned, it is not necessary for the Government to establish that either of the defendants originated the scheme to defraud. It is enough if you find that a fraudulent scheme existed, even if originated by another, and that the defendant that you are considering, while aware of the scheme's existence, knowingly participated in it. It is also not required that the defendant that you are

29

considering participate in or have knowledge of all of the operations of the scheme.  The guilt of a defendant is not governed by the extent of his participation.

It also is not necessary that the defendant that you are considering participated in the alleged scheme from the beginning.  A person who comes in at a later point with knowledge of the scheme's general operation, although not necessarily all of its details, and intentionally acts in a way to further the unlawful goals, becomes a member of the scheme and is legally responsible for all that may have been done in the past in furtherance of the criminal objective and all that is done thereafter.

Even if the defendant that you are considering participated in the scheme to a lesser degree than others, he is nevertheless equally guilty, so long as that defendant became a member of the scheme to defraud with knowledge of its general scope and purpose.

The questions of whether a person acted knowingly, willfully, and with intent to defraud are questions of fact for you to determine, like any other fact question.  These questions involve the state of mind of the defendant that you are considering.

Direct proof of knowledge and fraudulent intent is almost never available.  Indeed, it would be a rare case where it

could be shown that a person wrote or stated that as of a given time in the past he or she committed an act with fraudulent intent.  Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense."  Using your common sense means that, when you come to decide whether the defendant possessed or lacked an intent to defraud, you need not limit yourself to just what the defendant said, but you may also look at what the defendant did and what others did in relation to the defendant and, in general, everything that occurred.

In making the determination of the state of mind of the defendant that you are considering from the circumstances at hand, let me remind you that circumstantial evidence, if believed, is of no less value than direct evidence.  In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

Adapted from the charge of the Honorable Michael B. Mukasey in <u>United States v. Bello</u>, 91 Cr. 571 (S.D.N.Y.

31

1992), <u>aff'd mem.</u>, 990 F.2d 622 (2d Cir. 1993); the
charge of the Honorable Robert W. Sweet in <u>United
States v. Morgenstern</u>, 89 Cr. 693 (S.D.N.Y. 1990),
<u>aff'd</u>, 933 F.2d 1108 (2d Cir. 1991); the charge of the
Honorable Pierre N. Leval in <u>United States v. Gibson</u>,
91 Cr. 669 (S.D.N.Y. 1992); the charge of the Honorable
Michael B. Mukasey in United States v. Uccio, 88 Cr.
906 (S.D.N.Y. 1989), aff'd, 917 F.2d 80 (1990); the
charge of the Honorable Charles S. Haight, Jr. in
United States v. Rogers, 90 Cr. 377 (S.D.N.Y. 1991);
the charge of the Honorable John G. Koeltl in United
States v. Szur, 97 Cr. 108 (S.D.N.Y. 1998); the charge
of the Honorable Allen G. Schwartz in United States v.
Reinhold, 97 Cr. 686 (S.D.N.Y. 1998); and from Sand,
<u>Modern Federal Jury Instructions</u>, Instr. 44-5, 44-11
(based on the charge of the Honorable Edward Weinfeld
in <u>United States v. Ranney</u>, 82 Cr. 771 (S.D.N.Y.
1983)).

## REQUEST NO. 13

### Counts Two Through Eleven -- Bank Fraud:
### Third Element -- Federally Insured Financial Institution

The final element that the Government must prove beyond a reasonable doubt under Counts Two through Eleven of the Indictment is that the banks in question were a federally insured financial institution at the time of the scheme.  This simply means that the bank's deposits had to be insured by the Federal Deposit Insurance Corporation during the time frame alleged in the Indictment.

[*If appropriate*:  You have heard a stipulation by the Government and the defendants that the banks in question were, at all relevant times, federally insured banks.  Accordingly, this element is not in dispute.]

The Government need <u>not</u> show that a defendant knew that these banks were federally insured to satisfy this third element.

> Adapted from the charge of the Honorable Michael B. Mukasey in <u>United States v. Bello</u>, 91 Cr. 571 (S.D.N.Y. 1992), <u>aff'd mem.</u>, 990 F.2d 622 (2d Cir. 1993); the charge of the Honorable Robert W. Sweet in <u>United States v. Morgenstern</u>, 89 Cr. 693 (S.D.N.Y. 1990), <u>aff'd</u>, 933 F.2d 1108 (2d Cir. 1991); the charge of the Honorable Pierre N. Leval in <u>United States v. Gibson</u>, 91 Cr. 669 (S.D.N.Y. 1992), and from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 44-12; <u>see also</u> 18 U.S.C. § 20 (defining financial institution).

**REQUEST NO. 14**

**Counts Two Through Eleven -- Bank Fraud:**
**Aiding And Abetting/Willfully Causing A Crime**

In addition to charging the defendants with committing bank fraud, Counts Two Through Eleven of the Indictment also charge the defendants with, first, aiding and abetting substantive bank fraud and, second, willfully causing bank fraud.

The relevant federal statute regarding aiding and abetting a crime provides that:

> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

The relevant part of the federal statute regarding willfully causing a crime provides that:

> Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

Under both portions of this statute, it is not necessary for the Government to show that the defendant that you are considering physically committed the bank fraud crime or crimes with which he is charged in order for you to find him guilty of such charges.  Thus, even if you do not find beyond a reasonable doubt that the defendant that you are considering committed the crime or crimes charged, you may, under certain circumstances, still find him guilty as an aider or abettor, or as someone who willfully caused the commission of that crime or

34

crimes.  Let me in turn describe both of these concepts.

The first is aider and abettor liability.  A person who aids or abets another to commit an offense, is just as guilty of that offense as if he or she committed it himself.  Accordingly, you may find the defendant that you are considering guilty of the substantive crime if you find beyond a reasonable doubt that the Government has proved that another person actually committed the crime, and that the defendant aided and abetted that person in the commission of the offense.

As you can see, the first requirement is that another person has committed the crime charged.  Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person in the first place. But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of the crime.

In order to aid or abet another to commit a crime, it is necessary that the defendant willfully and knowingly associate himself in some way with the crime, and that he willfully and knowingly seek by some act to help make the crime succeed.

Participation in a crime is willful if action is taken voluntarily and intentionally, or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to

disobey or to disregard the law.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by a defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting.  An aider and abettor must have some interest in the criminal venture.

To determine whether the defendant that you are considering aided or abetted the commission of the crime with which he is charged, ask yourself these questions.  First, did the defendant that you are considering participate in the crime charged as something he wished to bring about?  Second, did that defendant associate himself with the criminal venture knowingly and willfully?  And third, did that defendant seek, by his actions, to make the criminal venture succeed?

If the defendant that you are considering did so, then he is an aider and abettor, and therefore guilty of the offense. If the defendant did not do so, then he is not an aider and abettor, and is not guilty of that offense.

I will now move on to the second way that the defendants may be found guilty.  As I mentioned, the defendants can be held liable under that subsection for willfully causing the commission of a federal crime.

Now, what does the term "willfully caused" mean?  It

36

does not mean that the defendants themselves need to have physically committed the crime, or supervised or participated in the actual criminal conduct charged in the Indictment.  The meaning of the term "willfully caused" can be found in the answers to the following questions:

First, did the defendant that you are considering take some action without which the crime would not have occurred?

Second, did that defendant intend that the crime would be actually committed by others?

If the answer to both of these questions is "yes," then the defendant that you are considering is guilty of the crime charged just as if he had actually committed the crime.  To find that defendant liable under this provision of the statute, the Government need not prove that he acted through a guilty intermediary.  That is, a defendant can be found liable even if he acted through someone who is entirely innocent of the crime charged in the Indictment.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 11-1 through 11-3; the charge of the Honorable Allen G. Schwartz in United States v. Reinhold, 97 Cr. 686 (S.D.N.Y. 1998); and the charge approved in United States v. Stanchich, 550 F.2d 1294 (2d Cir. 1977); see United States v. Labat, 905 F.2d 18, 23 (2d Cir. 1990) (discussing requirements of aiding and abetting liability); United States v. Clemente, 640 F.2d 1069 (2d Cir.) (same), cert. denied, 454 U.S. 820 (1981); United States v. Concepcion, 983 F.2d 369, 383-84 (2d Cir. 1992), cert. denied, 510 U.S. 856 (1993) ("'an individual (with the necessary intent) may be held liable if he is a cause in fact of the criminal violation, even though the result which the law

condemns is achieved through the actions of innocent intermediaries'") (citations omitted); <u>United States v. Margiotta</u>, 688 F.2d 108, 131 (2d Cir. 1982) (defendant may be found guilty even if he acts through "innocent intermediaries" to "cause[] the commission of an indispensable element of the offense"); <u>United States v. Ordner</u>, 554 F.2d 24, 29 (2d Cir. 1977), <u>cert. denied</u>, 434 U.S. 824 (1978) (under the "willfully causes an act to be done" provision "the guilt or innocence of the intermediary is irrelevant"); <u>United States v. Jordan</u>, 927 F.2d 53, 55 (2d Cir. 1991)(jury properly instructed that defendant could be found guilty where he caused Government agent to ferry narcotics into the United States).

**REQUEST NO. 15**

**Counts Twelve Through Fourteen --
Money Laundering Conspiracy:
General Instructions (18 U.S.C. § 1956)**

Counts Twelve through Fourteen of the Indictment charge the defendants with participating in a conspiracy to violate the money laundering laws of the United States.

*[The Court is respectfully requested to read the statutory language contained in Count Twelve].*

Count Thirteen, using the same statutory language, charges that from at least in or about March 2005 through in or about May 2005, in the Southern District of New York and elsewhere, DOUGLAS SHYNE, NATASHA SINGH, a/k/a "Beatris Rodrigues," TOYBE BENNETT, a/k/a "Dmitriy Makarevich," a/k/a "Dmitriy Makervish," a/k/a "Eduardo Rodrigues," a/k/a "Cecilio Pena," ROBERTO MONTGOMERY, EPHRAIM RICHARDSON, NARESH PITAMBAR, JASON WATLER, STEVEN RIDDICK, NATHANIEL ALEXANDER, and TIMOTHY MONTGOMERY, the defendants, and others known and unknown, committed a money laundering conspiracy.

Finally, also employing the same language, Count Fourteen charges that, from at least in or about June 2005 through in or about August 2005, in the Southern District of New York and elsewhere, DOUGLAS SHYNE, NATASHA SINGH, a/k/a "Beatris Rodrigues," and NATHANIEL SHYNE, the defendants, and others known and unknown, committed a money laundering conspiracy.

39

Each of Counts Twelve through Fourteen of the Indictment also lists overt acts that are alleged to have been committed in furtherance of the conspiracy, as well as the particular statutes alleged to have been violated.

As I have instructed you, a conspiracy is a kind of criminal partnership -- an agreement of two or more persons to join together to accomplish some unlawful purpose.

As I have already instructed you, a conspiracy to commit a crime is an entirely separate and distinct offense from the substantive crime that is the objective of the conspiracy. The essence of the crime of conspiracy is an agreement or understanding to violate other laws. Thus, if a conspiracy exists, even if it should fail in its purpose, it is still punishable as a crime. Indeed, you may find a defendant guilty of the crime of conspiracy to violate the federal narcotics laws even if you find that the substantive crime which was the object of the conspiracy – money laundering -- was never actually committed.

REQUEST NO. 16

## Counts Twelve Through Fourteen -- Money Laundering Conspiracy: Elements of the Conspiracy

In order to sustain its burden of proof with respect to the charges of conspiracy, the Government must prove beyond a reasonable doubt the following two elements:

First, the existence of the conspiracy charged in Counts Twelve through Fourteen.  In other words, the Government must prove that there was, in fact, an agreement or understanding to violate those provisions of the law which make it illegal to launder money.

Therefore, the first question for you on each of Counts Twelve through Fourteen is:  Did the conspiracy alleged in these counts of the Indictment exist?  Second, the Government must prove beyond a reasonable doubt that the defendant knowingly became a member of the conspiracy.  That is, the Government must prove that the defendant you are considering knowingly and intentionally associated himself with the conspiracy, and participated in the conspiracy to launder money.

With respect to the first question, I have already instructed you, when I discussed the bank fraud conspiracy, Count One of the Indictment, how to determine whether the charged conspiracy existed.

With respect to Counts Twelve, Thirteen, and Fourteen, the object of the charged conspiracies is money laundering, as it

41

is defined in these instructions.  The Government must prove this object beyond a reasonable doubt.  Thus, to find a defendant guilty of conspiracy, you must find that the object of the conspiracy was money laundering.  I will discuss money laundering in a moment.

The same is true as to the second question, I have already instructed you, when we discussed the bank fraud conspiracy, how to determine whether the defendant that you are considering knowingly and intentionally associated himself with, and participated in, the conspiracy.  You should apply these same standards in deciding whether the defendants charged with money laundering conspiracy became members of the charged conspiracy.

**REQUEST NO. 17**

**Counts Twelve Through Fourteen --
Money Laundering Conspiracy:
Object of the Conspiracy -- General Instructions**

As I have explained, the defendants are charged in Counts Twelve through Fourteen with conspiring to commit money laundering. The objective of a conspiracy is the illegal goal that the conspirators agree or hope to achieve. Specifically, as I said earlier, each of Counts Twelve through Fourteen charge that the conspiracy had one unlawful objective: money laundering in violation of Section 1956(a)(1)(B)(i) of Title 18, United States Code. That statute provides, in pertinent part, that:

> Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity
>
> -- knowing that the transaction is designed in whole or in part . . .
>
> -- to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity,

[is guilty of a crime.]

Because the object of the conspiracies charged in Counts Twelve through Fourteen of the Indictment was to commit this form of money laundering, I will now instruct you about this form of money laundering.

43

**REQUEST NO. 18**

**Counts Twelve Through Fourteen --
Money Laundering Conspiracy:
<u>Object of the Conspiracy -- Elements</u>**

The following are the elements of the object of the conspiracy charged in Counts Twelve through Fourteen of the Indictment:  the substantive crime of money laundering.  To sustain its burden of proof that the conspiracy charged in Counts Twelve through Fourteen existed and that this form of money laundering was its object, the Government must prove beyond a reasonable doubt the following elements:

<u>First</u>: That two or more persons knowingly entered into an agreement to conduct or attempt to conduct a "financial transaction," which I will define for you.  That financial transaction must in some way or degree affect interstate or foreign commerce;

<u>Second</u>: That those two or more persons agreed to conduct or attempt to conduct the financial transaction with property or funds that involved the proceeds of some form of specified unlawful activity;

<u>Third</u>: That those persons entered into the agreement to engage in the transaction with knowledge that the transaction involved the proceeds of <u>some</u> form of unlawful activity; and

<u>Fourth</u>: That those persons entered into the agreement to engage in the transaction knowing that the transaction was

44

designed in whole or in part to conceal or disguise the nature,
the location, the source, the ownership, or the control of the
proceeds of specified unlawful activity.

REQUEST NO. 19

**Counts Twelve Through Fourteen --**
**Money Laundering Conspiracy:**
**Object of the Conspiracy -- First Element**

The first element of the object of the money laundering conspiracy charged in Counts Twelve through Fourteen of the Indictment is that two or more persons knowingly agreed to conduct or attempt to conduct a financial transaction.

The term "conducts" includes the action of initiating, concluding, or participating in initiating or concluding a transaction.

A "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition of property.

The term "financial transaction" means (1) a transaction involving a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree, or (2) a transaction which in any way or degree affects interstate or foreign commerce and involves the movement of funds by wire or other means, or involves one or more monetary instruments, or involves the transfer of title to any real property, vehicle, vessel or aircraft.

Interstate commerce includes any transmission, transfer or transportation of goods or services, both tangible and intangible, communications, and/or persons, between persons,

46

places or entities located in one state (including the District of Columbia) and persons, places or entities located in another state, regardless of whether done for a business purpose or otherwise.  Foreign commerce means the same thing, except it is between a person, place or entity in the United States and a person, place or entity in a foreign country.

In determining whether someone is engaged in, or whether his activities <u>affect</u> interstate or foreign commerce, the involvement in interstate or foreign commerce can be minimal. Any involvement at all will satisfy this element.

You do not have to decide whether the effect on interstate or foreign commerce was harmful or beneficial to a particular business or to commerce in general.  The Government satisfies its burden of proving an effect on interstate or foreign commerce if it proves beyond a reasonable doubt any effect, whether it was harmful or not.

In addition, it is not necessary for the Government to show that any defendant actually intended or anticipated an effect on interstate or foreign commerce by his actions or that commerce was actually affected.  All that is necessary is that the natural and probable consequences of the acts the defendant agreed to take would affect interstate or foreign commerce.

47

**REQUEST NO. 20**

**Counts Twelve Through Fourteen --**
**Money Laundering Conspiracy:**
**Object of the Conspiracy -- Second Element -- Source of Funds**

In order to establish the existence of the conspiracy, the Government must next prove beyond a reasonable doubt that the financial transaction at issue involved property or funds that were the proceeds of some form of specified unlawful activity.

The term "proceeds" is very broad, and means any property or money that is derived form, or traceable to, or obtained as a result of, some other money, property or activity. It is the Government's contention that the money involved in the financial transaction in this case was derived from or obtained as a result of, fraudulent and unlawfully obtained checks.

The term "specified unlawful activity" means any one of a variety of offenses defined by the statute. In this case, the Government has alleged that the funds in question were the proceeds of bank fraud. I instruct you that, as a matter of law, bank fraud fits within that definition. However, it is for you to determine whether the funds were the proceeds of that unlawful activity.

48

**REQUEST NO. 21**

**Counts Twelve Through Fourteen -- Money Laundering Conspiracy:**
**Object of the Conspiracy -- Third Element:**
**Defendant's Knowledge as to Source of Funds**

The third element the Government must prove beyond a reasonable doubt with respect to the object of the conspiracy charged in Counts Twelve through Fourteen of the Indictment is that the defendant you are considering knew that the property involved in the financial transaction was the proceeds of some form of unlawful activity.

To satisfy this element, the Government must prove that defendant knew that the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony under state or federal law. Thus, the Government does not have to prove that the defendant specifically knew that the property involved in the transaction represented the proceeds of bank fraud or any other specific offense. The Government only has to prove that defendant knew it represented the proceeds of some illegal activity, which was a felony. Keep in mind that it is not necessary for all conspirators to believe that the proceeds came from the same unlawful activity; it is sufficient that each potential conspirator believed that the proceeds came from <u>some</u> unlawful activity.

I have already defined for you when, under the law, a

49

person acts "knowingly" and have described how to determine whether a defendant knows certain facts.  I will not repeat those instructions here.

REQUEST NO. 22

### Counts Twelve Through Fourteen -- Money Laundering Conspiracy: Object of the Conspiracy -- Fourth Element -- Purpose of the Transaction

The fourth and final element the Government must prove beyond a reasonable doubt with respect to the object of the conspiracy charged in Counts Twelve through Fourteen of the Indictment is that the defendant you are considering acted with knowledge that the transaction was designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the illegal activity.  The terms I have just used have their everyday meaning.

If you find that the evidence establishes beyond a reasonable doubt that the defendant you are considering knew that the transaction was designed, in whole or in part, to conceal or disguise the nature or location or source or ownership or control of the money in question, then this element is satisfied.  Intent to conceal or disguise need not be the sole motivating factor.

However, if you find that a defendant knew of the transaction but did not know that it was either designed to conceal or disguise the true origin of the property in question, you must find that this element has not been satisfied.

Proof that the conspirators knew the purpose of the financial transaction was to conceal or disguise the location or ownership of the proceeds of specified unlawful activity may be

51

established by proof that the alleged conspirator actually knew, or knew because of circumstantial evidence.  In other words, you are entitled to find from the circumstances surrounding the financial transaction what the purpose of the activity was and that the alleged conspirator knew of that purpose.

**REQUEST NO. 23**

**Count Fifteen -- Conspiracy to Sell, Receive, or Possess Stolen
Property in Interstate Commerce:
<u>The Indictment and the Statute</u>**

Count Fifteen of the Indictment charges defendants
TOYBE BENNET and ROBERTO MONTGOMERY with conspiracy to violate
section 2315 of Title 18 of the United States Code.

*[The Government respectfully requests that the Court
read Count Fifteen of the Indictment.]*

The section that these defendants are here charged with
conspiring to violate, in pertinent part, provides:

> Whoever receives, possesses, conceals, stores, barters,
> sells, or disposes of any goods, wares, or merchandise,
> securities, or money of the value of $5,000 or more,
> ... moving as, or which are a part of, or which
> constitute interstate or foreign commerce, knowing the
> same to have been stolen, unlawfully converted, or
> taken shall commit a crime.

I have previously instructed you with respect to the
elements of conspiracy, and you should follow those instructions
here.  Because the objective of the conspiracy charged in Count
Fifteen of the Indictment was to violate the law against the
sale, receipt or possession of stolen goods in interstate
commerce, I will now instruct you about this type of offense.

53

REQUEST NO. 24

**Count Fifteen -- Conspiracy to Sell, Receive, or Possess Stolen Property in Interstate Commerce:**
**<u>Object of the Conspiracy -- Elements</u>**

The following are the elements of the object of the conspiracy charged in Count Fifteen of the Indictment: the substantive crime of sale, receipt, or possession of stolen property in interstate commerce.  To sustain its burden of proof that the conspiracy charged in Count Fifteen existed and that this sale, receipt, or possession of stolen property was its object, the Government must prove beyond a reasonable doubt the following elements:

<u>First</u>:  that the goods, wares, merchandise, or money were stolen, converted or taken by fraud;

<u>Second</u>: that the defendant received, possessed, concealed, stored, bartered, sold, or disposed of the property;

<u>Third</u>: that the property had moved in, or was a part of, interstate commerce;

<u>Fourth</u>: that the value of the property was $5,000 or more; and

<u>Fifth</u>:  that the defendant knew the property had been stolen, converted or unlawfully taken or believed the property was stolen, converted or taken by fraud as a result of an official representation.

I will know explain each of these elements to you.

54

Adapted from Sand, <u>Modern Federal Jury Instructions</u>,
Instr. 54-45, 54-47; 18 U.S.C. § 21.

<u>**REQUEST NO. 25**</u>

**Count Fifteen -- Conspiracy to Sell, Receive, or Possess Stolen
Property in Interstate Commerce:
<u>First Element -- Goods Stolen</u>**

The first element the Government must prove beyond a reasonable doubt is that the property described in the Indictment was stolen, converted, or taken by fraud.  The first thing you must determine is whether the property described in the Indictment constitutes goods, wares, or merchandise. "Goods, wares, or merchandise" means personal property which has some sort of tangible existence and which is ordinarily a subject of commerce.

Next, you must determine whether the property described in the Indictment was stolen, converted or taken by fraud. For purposes of this case, the relevant terms are "stolen" and "converted."  The term "stolen" refers to the taking of any goods, wares, merchandise, securities or money with the intent to deprive the owner of the use or benefits of ownership.  The phrase "converted" means to take goods, wares, merchandise, securities or money for one's own use by any dishonest or illegal means.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 54-23; 18 U.S.C. § 21; and the charge of the Honorable Sidney H. Stein in <u>United States v. Willoughby</u>, 98 Cr. 1048 (SHS).

**REQUEST NO. 26**

**Count Fifteen -- Conspiracy to Sell, Receive, or Possess Stolen
Property in Interstate Commerce:
<u>Second Element Sale or Receipt in Interstate Commerce</u>**

The second element the Government must prove beyond a reasonable doubt is that the defendant you are considering received, possessed, concealed, stored, bartered, sold, or disposed of the property.

In considering whether a defendant received, concealed, stored, bartered, sold, or disposed of the property, you should give those words their common and ordinary meaning, and understand them as they are used in their everyday sense. The Government does not have to show that a defendant gained any personal benefit, or that the property was sold or disposed of for a profit. For example, a defendant may have "received" property simply by physically taking possession of the property, or exerting control over it. A defendant may have "disposed" of the property by abandoning it.

Whether a defendant received, possessed, stored, bartered, sold, or disposed of the property is a question for you to determine from the surrounding facts and circumstances.

Adapted from Sand, <u>Modern Federal Jury
Instructions</u>, Instr. 54-51; 18 U.S.C. § 21.

57

REQUEST NO. 27

**Count Fifteen -- Conspiracy to Sell, Receive, or Possess Stolen Property in Interstate Commerce:**
**<u>Third Element -- Interstate Commerce</u>**

The third element the government must prove beyond a reasonable doubt is that the property was sold, received or possessed in interstate commerce.

Simply stated, in this context, the phrase "interstate commerce" means that the goods, wares, merchandise, or money the defendant believed to be stolen moved from one state to another (or between the United States and a foreign country). For example, if a person has driven merchandise from one state to another or mailed a bank check to another state, those goods, wares, merchandise, or money have traveled in interstate commerce.

A defendant need not have intended or known of the property's transport in interstate commerce. Nor is it required that a defendant actually have physically transported the property across state lines. The Government satisfies its burden of proving transportation in interstate commerce if it proves beyond a reasonable doubt that a defendant willfully caused the property's transport across state lines, or performed a substantial step in furtherance of its journey.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 54-26; and the charge of the Honorable Sidney H. Stein in <u>United States v. Willoughby</u>, 98 Cr. 1048 (SHS).

**REQUEST NO. 28**

**Count Fifteen -- Conspiracy to Sell, Receive, or Possess Stolen
Property in Interstate Commerce:
<u>Fourth Element -- Value of Property Exceeds $5,000</u>**

With respect to the fourth element of the crime, you must decide whether the property at issue here had a value of $5,000 or more. In determining the value of the property, you may look at the face value of the property or its market value, that is, the amount of money the property could be sold for on the open market. You should consider the aggregate, or total, value of all the property alleged to have been stolen in each count of the indictment.

It does not matter if you find that a defendant actually received or expected to receive less than $5,000 for the stolen property. If the evidence shows and you find beyond a reasonable doubt that the property's total face or market value was $5,000, then this element of the offense will be satisfied. If, on the other hand, you find that the value of the stolen items with respect to this count is less than $5,000, then you must find the defendant you are considering not guilty.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 54-29; 18 U.S.C. § 21; and the charge of the Honorable Sidney H. Stein in <u>United States v. Willoughby</u>, 98 Cr. 1048 (SHS).

**REQUEST NO. 29**

**Count Fifteen -- Conspiracy to Sell, Receive, or Possess Stolen
Property in Interstate Commerce:
Fifth Element -- Knowledge or Belief Stolen**

The fifth element which the Government must prove
beyond a reasonable doubt is that the defendant you are
considering knew at the time of its sale or receipt that the
property was stolen, or believed that the items were stolen.

In deciding whether a defendant knew or believed the
property was stolen at the time of its sale or receipt, you must
focus upon his actual knowledge at that time.  Even if you find
that a prudent person would have known that the property was
stolen at the time of its sale or receipt, if you find that a
defendant did not know or believe the items were stolen, then you
cannot find that defendant guilty.

I have instructed you that the Government must
establish beyond a reasonable doubt that the defendants knew or
believed, at the time of its sale or receipt, that the property
was stolen.

Your decision whether a defendant acted knowingly at
the time the property was sold or received involves a decision
about that defendant's state of mind at the time he sold or
received the property.  It is obviously impossible to ascertain
or prove directly the operation of a defendant's mind.  You
cannot look into a person's mind to see what his state of mind is

60

or was. But a wise and intelligent consideration of all the facts and circumstances shown by the evidence will enable you to infer with a reasonable degree of accuracy the extent of the defendant's knowledge.

In our everyday affairs, we are continuously called upon to decide from the actions of others what their state of mind is. Experience has taught us that, frequently, actions speak louder, more clearly, than words. Therefore, you may well rely in part on circumstantial evidence in determining the extent of a defendant's knowledge.

Look at the particular defendant's actions in their particular contexts.  Was a business transaction conducted in an irregular manner?  What were the circumstances of the defendant's conduct subsequent to the sale or receipt of the property? You must examine the acts, conduct, and surrounding circumstances of a given situation to help you determine the extent of the defendant's knowledge.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 54-56; and 18 U.S.C. § 21.

## REQUEST NO. 30

### Count Sixteen -- Unlawful Procurement of Naturalization: The Indictment and the Statute

Count Sixteen of the Indictment charges NATASHA SINGH with unlawfully procuring naturalization, in violation of Section 1425(a) of Title 18 of the United States Code.

*[The Government respectfully requests that the Court read Count Sixteen of the Indictment.]*

The statute that applies to Count Sixteen of the Indictment, Section 1425(a), provides, in relevant part, as follows:

> Whoever knowingly procures or attempts to procure, contrary to law, the naturalization of any person . . . [s]hall be [guilty of a criminal offense].

62

**REQUEST NO. 31**

**Count Sixteen -- Unlawful Procurement of Naturalization:
Procurement of Naturalization -- Elements**

In order to establish that NATASHA SINGH is guilty of the offense charged in Count Sixteen, the Government must establish the following beyond a reasonable doubt:

First, that the defendant procured naturalization;

Second, that the defendant procured naturalization contrary to law; and

Third, that the defendant did do so willfully and knowingly.

63

## REQUEST NO. 32

### Count Sixteen -- Unlawful Procurement of Naturalization: First Element --  Procuring Naturalization

The first element that the Government must prove beyond a reasonable doubt is that NATASHA SINGH procured, or brought about, her naturalization.  "Naturalization" is the process by which a person becomes a United States citizen.

**REQUEST NO. 33**

**Count Sixteen -- Unlawful Procurement of Naturalization:
Second Element --  Contrary to Law**

The second element that the Government must prove beyond a reasonable doubt is that NATASHA SINGH procured naturalization contrary to law.  Naturalization is procured "contrary to law" whenever the applicant engages in any illegal conduct in connection with the procurement of naturalization.

65

**REQUEST NO. 34**

**Count Sixteen -- Unlawful Procurement of Naturalization:**
**Third Element -- Knowing and Willful Conduct**

If you decide that the Government has proven beyond a reasonable doubt that NATASHA SINGH procured naturalization contrary to law, you must then decide whether she did so knowingly and willfully. That is, at the time the defendant procured naturalization, did she know and believe she was doing so illegally?

I have already defined the words "knowingly" and "willfully" for you. As I have already said, "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that it is to say, with a bad purpose either to disobey or disregard the law.

The defendant need not have known that she was breaking any particular law or any particular rule. The defendant need only have been aware of the generally unlawful nature of her acts.

> Adapted from the charge of the Honorable Vincent L. Broderick in <u>United States v. Novod</u>, 88 Cr. 448 (S.D.N.Y. 1989).

## REQUEST NO. 35

### Venue

In addition to all of the elements of the charges that I have described for you, you must decide separately whether, as to each separate count, there is a sufficient connection to the Southern District of New York, as I will explain in a moment.

The Southern District of New York encompasses Manhattan, the Bronx, Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties. Anything that occurs in the counties I have listed for you occurs in the Southern District of New York.

As to the venue requirement and the venue requirement only, the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. That is, you must decide, as to each separate count, whether it is more likely than not there is a sufficient connection the Southern District of New York.

With respect to Count One of the Indictment, the conspiracy to commit bank fraud, the Government must prove that either the agreement was made in the Southern District of New York or that any act in furtherance of the conspiracy occurred in the Southern District of New York.

With respect to Counts Two through Eleven of the Indictment, the substantive bank fraud counts, you must decide

67

whether it is more likely than not that the defendant that you are considering committed an act in furtherance of the bank fraud in the Southern District of New York, or knowingly caused an act in furtherance of the bank fraud to occur in the Southern District of New York.

With respect to Counts Twelve through Fourteen of the Indictment, the money laundering conspiracy, the Government must prove that either the agreement was made in the Southern District of New York or that any act in furtherance of the conspiracy occurred in the Southern District of New York.

With respect to Count Fifteen, the conspiracy to sell, receive, or possess stolen goods in interstate commerce, the Government must prove that either the agreement was made in the Southern District of New York or that any act in furtherance of the conspiracy occurred in the Southern District of New York.

Finally, with respect to Count Sixteen, the naturalization fraud count, the Government must prove that NATASHA SINGH committed an act in furtherance of the naturalization fraud in the Southern District of New York, or knowingly caused an act in furtherance of the naturalization fraud to occur in the Southern District of New York.

If you find that the Government has failed to prove this venue requirement as to one particular count, then you must acquit the defendant that you are considering on that count.

68

Adapted from the charge of the Honorable Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (S.D.N.Y. 1991); and Sand, Modern Federal Jury Instructions, Instr. 3-11; see also 18 U.S.C. § 3237 (general venue provision for offenses beginning in one judicial district and ending in another); see also United States. v. Gonzalez, 922 F.2d 1044, 1054-55 (2d Cir.) (affirming that venue is governed by a preponderance standard), cert. denied, 112 S. Ct. 660 (1991).

**REQUEST NO. 36**

### <u>Conscious Avoidance/Willful Blindness</u>
### *[If Applicable]*

All of the charges that I have just described require the Government to prove, among other things, that the defendants acted knowingly, as I have already defined that term.

As you all know, if a person is actually aware of a fact, then he knows that fact. But the law also allows you to find that the defendant that you are considering had knowledge of a fact when the evidence shows that he was aware of a high probability of that fact, but intentionally avoided confirming that fact. The law calls this "conscious avoidance" or "willful blindness."

In determining whether the Government has proven beyond a reasonable doubt that the defendant that you are considering acted knowingly, you may consider whether that defendant that you are considering deliberately closed his eyes to what would otherwise have been obvious to him. One may not willfully and intentionally remain ignorant of a fact important to his conduct in order to escape the consequences of criminal law.

Thus, if you find beyond a reasonable doubt that the defendant that you are considering acted with a conscious purpose to avoid learning a particular fact then the element of knowledge may be satisfied.

However, guilty knowledge may not be established by

70

demonstrating that such defendant was merely negligent, foolish, or mistaken.

If you find that the defendant that you are considering was aware of a high probability of a particular fact and that this defendant acted with deliberate disregard of that fact, you may find that the defendant acted knowingly.

It is entirely up to you whether you find that the defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

Let me explain further what the concept of willful blindness or conscious avoidance means with respect to the conspiracy charges.

First, there is a difference between knowingly participating in a joint undertaking and knowing the object of that undertaking. "Conscious avoidance," as I have described it, cannot be used as a substitute for a finding that the defendant that you are considering knowingly agreed to a joint undertaking. It is logically impossible for a defendant to agree to join another person unless he knows that he has made such an agreement.

However, if you find beyond a reasonable doubt that the defendant that you are considering entered into such an agreement, in considering whether that defendant knew that the objective or goal of that agreement was to engage in bank fraud,

71

money laundering, or possession of stolen goods, you may consider

whether that defendant deliberately avoided confirming otherwise

obvious facts about the purpose of the agreement, that is,

whether he deliberately closed his eyes to what would otherwise

have been obvious.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>,
> Instr. 3A-2, 44-5; the charge of the Honorable Gerard
> E. Lynch in <u>United States v. Ruiz</u>, S1 01 Cr. 864 (GEL)
> (S.D.N.Y. 2002); and the charge in <u>United States v.</u>
> <u>Mang Sun Wong</u>, 884 F.2d 1537, 1541-43 (2d Cir. 1989)
> (expressly approving charge); <u>see also</u> <u>United States v.</u>
> <u>Mang Sun Wong</u>, 884 F.2d 1437, 1541-43 (2d Cir. 1989).
>
> "A conscious avoidance charge is appropriate when the
> defendant claims a lack of knowledge of the relevant
> facts, but the surrounding circumstances would permit a
> reasonable juror to conclude that the defendant should
> have known about them."  <u>United States v. Brito</u>, 907
> F.2d 392, 396 (2d Cir. 1990); <u>see</u> <u>United States v.</u>
> <u>Svoboda</u>, 347 F.3d 471, 478-82 (2d Cir. 2003)
> (discussing use of conscious avoidance charge in
> conspiracy case), <u>cert. denied</u>, 544 U.S. 1044 (2004);
> <u>United States v. Ferrarini</u>, 219 F.3d 145 (2d Cir.
> 2000); <u>United States v. Rodriguez</u>, 983 F.2d 455, 457-58
> (2d Cir. 1993); <u>see also</u> <u>United States v. Lanza</u>, 790
> F.2d 1015, 1022 (2d Cir.), <u>cert. denied</u>, 479 U.S. 861
> (1986); <u>United States v. Guzman</u>, 754 F.2d 482, 489 (2d
> Cir. 1985), <u>cert. denied</u>, 474 U.S. 1054 (1986).

**REQUEST NO. 37**

**Time Of Conspiracies Charge/**
**<u>Variance In Amounts, Dates, And Facts Alleged</u>**

You will note that the Indictment alleges various amounts and that certain acts occurred on or about various dates.  For example, the Indictment alleges that the bank fraud conspiracy existed from at least in or about December 2002 through in or about August 2005.  It does not matter if the evidence you heard at trial indicates a different amount or that a particular acts occurred on different dates.  The law requires only a substantial similarity between the amounts or dates in the Indictment and the amounts or dates established by the evidence.

With respect to the conspiracy counts, it is not essential that the Government prove that the conspiracy alleged started and ended on any specific dates.  Indeed, it is sufficient if you find that the conspiracy was formed and that it existed for some time around the dates that I just mentioned.

> Adapted from the charges of the Honorable John S. Martin in <u>United States v. Lawless</u>, S2 96 Cr. 522 (S.D.N.Y. 1997); the Honorable Sonia Sotomayor in <u>United States v. Lugo</u>, S2 96 Cr. 521 (S.D.N.Y. 1997); the Honorable John F. Keenan in <u>United States v. Carrero</u>, 91 Cr. 365 (S.D.N.Y. 1991); and Sand, <u>Modern Federal Jury Instructions</u>, Instr. 3-12.

73

REQUEST NO. 38

**Expert Testimony**
**[If Applicable]**

You have heard testimony from what we call expert witnesses.  Expert witnesses are witnesses who, by education or experience, have acquired learning or experience in a science or a specialized area of knowledge.  Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be expert and give their reasons for their opinions.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to experts as well as to other witnesses.  You should consider the opinions of experts that were received in evidence in this case and give them as much or as little weight as you think they deserve.  If you should decide that the opinion of an expert was not based on sufficient education, experience, or data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education or experience, and the

74

other evidence does not give you reason to doubt the expert's

conclusions, you would be justified in placing great reliance on

his or her testimony.

       Adapted from the charge of the Honorable Pierre N.
       Leval in United States v. Mucciante, 91 Cr. 403
       (S.D.N.Y. 1992), aff'd, 21 F.3d 1228 (2d Cir. 1994),
       cert. denied, 513 U.S. 949 (1994); and the charge of
       the Honorable Michael B. Mukasey in United States v.
       Mensah, 91 Cr. 705 (S.D.N.Y. 1991).

**REQUEST NO. 39**

**Defendant's Right Not To Testify**
***[If Requested By The Defendant]***

Defendants [list non-testifying defendants] did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendants did not testify.  No adverse inference against either may be drawn by you because they did not take the witness stand.  You may not consider this against the defendants in any way in your deliberations in the jury room.

Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-21.

REQUEST NO. 40

**Limiting Instruction: Similar Act Evidence**
*[If Applicable]*

You will recall that some evidence introduced by the Government was received for limited purposes.

Specifically, you heard testimony regarding *[a summary of prior act evidence will be provided by the Government in advance of trial]*.  In summary, the Government offered this evidence to demonstrate *[a summary of the purpose of the admission of prior act evidence will be provided by the Government in advance of trial]*.

You may not consider this evidence as a substitute for proof that the defendant as to which this evidence was admitted committed the crimes charged in the Indictment.  Nor may you consider this evidence as proof that such defendant has a criminal personality or bad character.  This evidence about such defendant prior conduct was admitted for much more limited purposes and you may consider it only for those limited purposes.

Specifically, the evidence of such defendant's prior conduct was offered solely to demonstrate *[a summary of the purpose of the admission of prior act evidence will be provided by the Government in advance of trial]*.

The evidence of the prior conduct of any such defendant's prior conduct may not be considered by you for any

77

other purposes and in any other ways, except as I have just

explained to you.

> Adapted from the charge of the Honorable John F. Keenan
> in United States v. Carrero, 91 Cr. 365 (S.D.N.Y.
> 1991); and Sand, Modern Federal Jury Instructions,
> Instr. 5-25; see United States v. Pitre, 960 F.2d 1112,
> 1119 (2d Cir. 1992) ("upon request, the district court
> must give an appropriate limiting instruction to the
> jury" when admitting similar act evidence pursuant to
> Rule 404(b)).

## REQUEST NO. 41

### Conspiracy Counts -- Liability For Acts And Declarations Of Co-conspirators

In considering the conspiracy counts -- that is, the counts charging the conspiracy to commit bank fraud, conspiracy to launder money, and the stolen goods conspiracy -- you should be aware that, under the law, when people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy.

In determining the factual issues before you, you may consider against the defendants any acts or statements made by any of the people that you find, under the standards I have already described, to have been their co-conspirators with respect to the particular conspiracy charge, even though such acts or statements were not made in their presence, or were made without their knowledge.

> See United States v. Mastropieri, 685 F.2d 776, 786-90 (2d Cir.), cert. denied, 459 U.S. 945 (1982) (specifically mandating that juries not be invited to reconsider the admissibility of co-conspirator hearsay).

79

REQUEST NO. 42

**Limiting Instruction: Co-Conspirator Statements**

You have heard testimony from Government witnesses that certain of the defendants made statements to law enforcement agents after being arrested.  You may consider this evidence solely on the issue of whether the conspiracy charged in the Indictment existed and only as to whether the particular defendant who made the statement joined this conspiracy.  However, the fact that one defendant may have made statements that constitute proof of his membership in a conspiracy is not evidence that other defendants knowingly and intentionally participated in such a conspiracy.  You are not to draw any conclusions or inferences about any the other defendant's participation in a conspiracy from the post-arrest statements made by a particular defendant.  You may consider each of the defendant's statements in deciding whether or not a conspiracy existed and you may consider that statement in deciding whether or not the particular defendant who made the statement joined that conspiracy, but you may not consider that decision as evidence that any other defendant participated in such a conspiracy.

> Adapted from the charge of the Honorable Jed S. Rakoff in United States v. Petrillo, 98 Cr. 143 (JSR), aff'd, 237 F.3d 119, 122-23 (2d Cir. 2000) (specifically approving district court's instructions on limited use of guilty plea allocutions); see Sand, Modern Federal Jury Instructions, Instr. 7-10.

80

## REQUEST NO. 43

### Use of Cooperating Witness

You have heard testimony from Government witnesses who have pleaded guilty to charges arising out of similar facts to those in this case.  You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendants on trial from the fact that any prosecution witness pled guilty to criminal charges.  The decision of that witness to plead guilty was a personal decision that witness made about his own guilt.  It may not be used by you in any way as evidence against or unfavorable to the defendant on trial here.

You have heard from one or more witnesses who testified that they were actually involved in planning and carrying out the crimes charged in the Indictment.  There has been a great deal said about these so-called accomplice witnesses in the summations of counsel and whether or not you should believe them.

Experience will tell you that the Government frequently must rely on the testimony of witnesses who admit participating in the alleged crimes at issue.  The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

The testimony of such accomplices is properly considered by the jury.  If accomplices could not be used, there

81

would be many cases in which there was real guilt and conviction should be had, but in which convictions would be unobtainable.

For these very reasons, the law allows the use of accomplice testimony.  Indeed, it is the law in federal courts that the testimony of a single accomplice may be enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

Because of the possible interest an accomplice may have in testifying, however, the accomplice's testimony should be scrutinized with special care and caution.  The fact that a witness is an accomplice can be considered by you as bearing upon his credibility.  It does not follow, however, that simply because a person has admitted to participating in one or more crimes, that he is incapable of giving a truthful version of what happened.

Like the testimony of any other witness, accomplice witness testimony should be given the weight that it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor, candor, the strength and accuracy of a witness's recollection, his background, and the extent to which his testimony is or is not corroborated by other evidence in the case.

You may consider whether accomplice witnesses -- like any other witnesses called in this case -- have an interest in

82

the outcome of the case, and if so, whether it has affected their testimony.

You heard testimony about agreements between the Government and the witnesses.  I must caution you that it is no concern of yours why the Government made an agreement with a particular witness.  Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of accomplice witnesses, you should ask yourselves whether these accomplices would benefit more by lying, or by telling the truth.  Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely?  Or did they believe that their interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth?  Did this motivation color his testimony?

If you find that the testimony was false, you should reject it.  If, however, after a cautious and careful examination of the accomplice witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion.

83

Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts, or may disregard all of it.  That is a determination entirely for you, the jury.

> Adapted from the charge of the Honorable Shirley Wohl Kram in <u>United States v. Ramos</u>, 98 Cr. 1038 (S.D.N.Y. 2006); and from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-23.

**REQUEST NO. 44**

**Uncalled Witness: Equally Available To Both Sides**
*[If Applicable]*

Both the Government and the defendants have the same power to subpoena witnesses to testify on their behalf. If a potential witness could have been called by the Government or by one of the defendants, and neither called the witness, then you may draw the conclusion that the testimony of the absent witness might have been unfavorable to the Government, unfavorable to the defendants, or unfavorable to both.

On the other hand, it is equally within your province to draw no inference at all from the failure of either side to call any particular witness.

You should remember that there is no duty on either side to call a witness whose testimony would be merely cumulative of testimony already in evidence, or who would merely provide additional testimony to facts already in evidence.

> Adapted from the charge of the Honorable Kenneth Conboy in <u>United States v. Lew</u>, 91 Cr. 361 (S.D.N.Y. 1991); and Sand, <u>Modern Federal Jury Instructions</u>, Instr. 6-7; <u>see</u> <u>United States v. Erb</u>, 543 F.2d 438, 444 (2d Cir.) (discussing propriety of missing witness charges), <u>cert. denied</u>, 429 U.S. 981 (1976).

> "[W]hen a witness is equally available to both sides, 'the failure to produce is <u>open</u> to an inference <u>against both parties</u>.' No instruction is necessary where the unpresented testimony would be merely cumulative." <u>United States v. Torres</u>, 845 F.2d 1165, 1169 (2d Cir. 1988) (citations omitted & emphasis in original); <u>see also</u> <u>United States v. Nichols</u>, 912 F.2d 598, 601 (2d Cir. 1990) (whether to give charge is committed to

85

discretion of trial judge; generally discussing applicable standards); United States v. Caccia, 122 F.3d 136 (2d Cir. 1997) (discussing when uncalled witness charge is appropriate).

REQUEST NO. 45

**<u>Charts And Summaries</u>**
***[If Applicable]***

During the course of trial there were charts and summaries shown to you in order to make the other evidence more meaningful and to aid you in considering that evidence.  They are not direct, independent evidence; they are summaries of the evidence.  They are admitted into evidence as aids to you.

In understanding the evidence which you have heard, it is clearly easier and more convenient to utilize summary charts than to place all of the relevant documents in front of you.  It is up to you to decide whether charts and summaries fairly and correctly present the information in the testimony and the documents.  The charts are not to be considered by you as direct proof of anything.  They are merely graphical demonstrations of what the underlying testimony and documents are.

It is for you to decide whether the charts and summaries correctly present information contained in the testimony and in the exhibits on which they are based.  To the extent that the charts conform with what you determine the underlying evidence to be, you may consider them if you find that they are of assistance to you in analyzing and understanding the evidence.

> Adapted from the charge of the Honorable Kevin Thomas Duffy in <u>United States v. Castellano</u>, 84 Cr. 63, <u>aff'd in part and rev'd in part</u>, 811 F.2d 47 (2d Cir. 1987);

87

and Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-13.

**REQUEST NO. 46**

**Testimony Of Law Enforcement Officers**

You have heard testimony of law enforcement officers. The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than of an ordinary witness.

At the same time, defense counsel may to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 7-16.

89

**REQUEST NO. 47**

**<u>Persons Not On Trial</u>**

You may not draw any inference, favorable or unfavorable, towards the Government or the defendants from the fact that any person other than the defendants is not on trial here.  You may also not speculate as to the reasons why other persons are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.

> Adapted from the charge of the Honorable Henry F. Werker in <u>United States v. Barnes</u>, 77 Cr. 190 (S.D.N.Y. 1977), <u>aff'd</u>, 604 F.2d 121 (2d Cir. 1979), <u>cert. denied</u>, 446 U.S. 907 (1980).

90

**REQUEST NO. 48**

**Particular Investigative Techniques Not Required**
*[If Applicable]*

You have heard reference, in the testimony and in the arguments of defense counsel in this case, about the fact that certain investigative techniques were not used by law enforcement authorities.  There is no legal requirement that the Government prove its case through any particular means.  While you are to carefully consider the evidence presented by the Government, you need not speculate as to why law enforcement officers used the techniques they did, or why they did not use other techniques. The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of each of the defendants has been proven beyond a reasonable doubt.

Adapted from the charge of the Honorable Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (S.D.N.Y. 1992); and the charge of the Honorable John F. Keenan in United States v. Medina, 91 Cr. 894 (S.D.N.Y. 1992).

**REQUEST NO. 49**

**Use Of Evidence Obtained Through Searches**

You have heard and seen evidence obtained as a result of searches of [a list of such places will be provided by the Government in advance of trial] conducted pursuant to search warrants issued by the relevant courts.  This evidence was lawfully obtained, and properly admitted in this case.  I instruct you that this evidence was obtained in a lawful manner and that no one's rights were violated, and that the Government's use of this evidence is entirely lawful.  Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations.

You must give this evidence full consideration along with all of the other evidence in the case, regardless of your personal opinions.

Adapted from the charges of the Honorable Pierre N. Leval in United States v. Ogando, 90 Cr. 469 (S.D.N.Y. 1991), aff'd, 968 F.2d 146 (2d Cir. 1992); and in United States v. Mucciante, 91 Cr. 403 (S.D.N.Y. 1992); Sand, Modern Federal Jury Instructions, Instr. 5-11.

92

**REQUEST NO. 50**

### Stipulations Of Testimony
### *[If Applicable]*

In this case you have heard evidence in the form of stipulations of testimony. A stipulation of testimony is an agreement between the parties that, if called as a witness, the person would have given certain testimony. You must accept as true the fact that the witness would have given that testimony. However, it is for you to determine the effect to be given that testimony.

Sand, Modern Federal Jury Instructions, Instr. 5-7.

**REQUEST NO. 51**

## Stipulations Of Fact
### *[If Applicable]*

In this case you have also heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement between the parties that a certain fact is true.  You must regard such agreed facts as true.

Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-6.

**REQUEST NO. 52**

<u>**Preparation Of Witnesses**</u>
*[If Applicable]*

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating the credibility of a witness, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the court's time. Indeed, it would be unusual and surprising for a lawyer to call a witness without such preparation.

Again, the weight you give to the fact or the nature of the preparation by a witness for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Adapted from the charge of the Honorable Michael B. Mukasey in <u>United States v. Abdul Latif Abdul Salam</u>, 98 Cr. 208 (S.D.N.Y. 1999).

95

REQUEST NO. 53

## Character Witnesses
*[Requested Should the Defendants Call Character Witnesses]*

During the course of this trial, there has been testimony that the defendants have a reputation for honesty and integrity in their community.  [**If Applicable**:  There has also been testimony to the contrary].  That testimony bears on the defendants' character.  Character testimony should be considered together with all the other evidence in the case in determining whether the Government has met its burden to prove the defendants guilty beyond a reasonable doubt.  Evidence of good character may in itself create a reasonable doubt where, without such evidence, no reasonable doubt would have existed.  But if on all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that the defendants are guilty, a showing that one or both previously enjoyed a reputation of good character does not justify or excuse the offense and you should not acquit the defendants merely because you believe one or both is a person of good repute.

The testimony of a character witness is not to be taken by you as the opinion by the witness as to the guilt of the defendant that you are considering.  [**If Applicable**:  Indeed, a number of the character witnesses testified that they were not aware of the facts of this particular case.]  The guilt of the

defendants is for you alone to determine, and that should be

based on all the evidence you have heard in the case.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>,
> Instr. 5-15; and the charge in <u>United States v. Pujana-
> Mena</u>, 949 F.2d 24, 27-31 (2d Cir. 1991) (defendant not
> entitled to a charge that character evidence "standing
> alone" is enough for acquittal).

## REQUEST NO. 54

### Conclusion

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of each defendant with respect to each of the charges of the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for himself or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that, if you listen to the views of your fellow jurors and if you apply your own common sense, you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor and without prejudice or sympathy.

> Adapted from the charge of the Honorable Arnold Bauman in <u>United States v. Soldaro</u>, 73 Cr. 167 (S.D.N.Y. 1973); <u>see also</u> <u>United States v. Corr</u>, 75 Cr. 803 (S.D.N.Y.), <u>aff'd</u>, 543 F.2d 1042 (2d Cir. 1976).

Dated: New York, New York
       February 5, 2007

                    Respectfully submitted,

                    MICHAEL J. GARCIA
                    United States Attorney for the
                    Southern District of New York
                    Attorney for the United States of
                         America


                    By:_____/s/_____
                       E. Danya Perry/Daniel W. Levy
                       Assistant United States Attorneys
                       Telephone: (212) 637-2434/-1062

## <u>AFFIRMATION OF SERVICE</u>

DANIEL W. LEVY, pursuant to Title 28, United States Code, Section 1746, declares under the penalty of perjury:

I am employed in the Office of the United States Attorney for the Southern District of New York.

On February 5, 2007, I caused the foregoing Government's Requests to Charge to be served via Clerk's Notice of Electronic Filing upon the following attorneys, who are filing users in this case:

Susan V. Tipograph, Esq.
350 Broadway, Suite 700
New York, New York 10013

Counsel to defendant Douglas Shyne

Harvey Fishbein, Esq.
61 Broadway, Suite 1601
New York, New York 10006

Counsel to defendant Natasha Singh

David L. Lewis, Esq.
Lewis & Fiore
225 Broadway, Suite 3300
New York, New York 10006

Counsel to defendant Nathaniel Shyne

Neil S. Cartusciello, Esq.
2 West Main Street
Mendham, New Jersey 07945

Counsel to defendant Toybe Bennett

Thomas H. Nooter, Esq.
Freeman Nooter & Ginsberg
30 Vesey Street, Suite 100
New York, New York 10007

Counsel to defendant Roberto Montgomery

Denis P. Kelleher, Jr., Esq.
Kelleher & Dunne LLP
17 Battery Place, 11th Floor
New York, New York 10004

Counsel to defendant Naresh Pitambar

Anthony Ricco, Esq.
20 Vesey Street, Suite 400
New York, New York 10007-4240

Counsel to defendant Jason Watler

Bryan H. Hoss, Esq.
Davis & Hoss, PC
508 E. 5th Street
Chattanooga, Tennessee 37403

Counsel to defendant Steven Riddick

Michael Fineman, Esq.
305 Broadway, 7th Floor
New York, New York 10007

Counsel to defendant Nathaniel Alexander

Robert W. McFarland, Esq.
McGuire Woods, LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510

Counsel to defendant Timothy Montgomery

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:    New York, New York
          February 5, 2007


_____/s/_____
Daniel W. Levy