LEWIS & FIORE
225 BROADWAY, SUITE 3300
NEW YORK, NEW YORK 10007
(212) 285-2290
(212) 964-4506 (FAX)

David L. Lewis
Charles G. Fiore

November 2, 2007

**FILED ECF**

Honorable Kenneth M. Karas
United States District Judge
United States District Court
300 Quarropas Street
White Plains, New York 10601

         **RE:   United States of America v.
                Nathaniel Shyne
                S4 05 Cr. 1067 (KMK)**

Dear Judge Karas:

       I write in response to the government's all but eve of sentencing letter, which responds to our letter of months ago. The government has set out in a chart that the defendant's convictions are so numerous as to justify the Criminal History Category. They include 10 or 11 petit larceny convictions,[1] 3 or 4 criminal possession of stolen property[2], an attempted burglary (from a store). The attempted burglary was the sole felony generating a sentence of 18 months to 36 months. His maximum misdemeanor sentences were six months or less on 11 cases. On one he received a sentence of 6 months. Each of two conditional

---

[1] Government Letter p. 2-3 (unsure about the Dec 19, 2000 conviction).
[2] Id.

Honorable Kenneth M. Karas
United States District Judge
November 2, 2007
Page 2 of 8


discharges added a point to his score. On the basis of this type of history, Probation recommended the highest possible Guideline sentence and no departure.[3] The government asserts the same sentence is reasonable. Incredibly enough Probation and the government agree that Shyne is "more culpable than other offenders that may be in Criminal History Category VI and thus deserves greater punishment". PSR at p. 45. The government agrees. Such a conclusion demonstrates a clear lack of individualized consideration of the reasons why a departure might be appropriate, and fails to reflect the limited law on the issue. Further, it demonstrates a failure to consider whether or not this defendant, as he stands before the Court, now is likely to recidivate. See United States v. Cervantes, 878 F.2d 50, 53 (2d Cir. 1989).

On the law, the government's position is fundamentally twofold. First, it states that with so many criminal convictions, albeit all but one misdemeanors, there can be no relief for Nathaniel Shyne, and secondly that the government has failed to find any case with exact or similar facts. Both arguments fully misconceived the purposes and goals of U.S.S.G. § 4A 1.3.

The Guidelines take into account criminal history because in most general cases, it was found to be a strong predictor of recidivism and a good measure of culpability, but the purpose is tied to achieving a measure of deterrence that the prior sentences failed to achieve. Pursuant to U.S.S.G. § 4A 1.3 (b)(1), a downward departure may be appropriate if reliable information indicates that the defendant's criminal history category significantly over represents the seriousness of the defendant's criminal history, or the likelihood that the

---

[3] This type of assessment subjects the defendant's sentence to the vagaries of state sentencing and prosecution practices thus jeopardizing the goal of achieving reasonable uniformity in federal sentences. See United States v. Risso, 279 F.Supp.2d 1001, 1002 (ED Wis. 2003).

Honorable Kenneth M. Karas
United States District Judge
November 2, 2007
Page 3 of 8

defendant will commit other crimes. U.S.S.G. § 4 A 1.3 (b)(1). The courts of this Circuit and others have concluded that the provision is designed to permit a court to exercise its discretion when the consequences of the mathematical prior history calculation either under – or over represent the seriousness of the defendant's criminal record. <u>United States v. Paulino-Duarte</u>, 2001 WL 290047 (2001), (Baer, J.) citing <u>United States v. Mishoe</u>, 241 F.3d 214 (2d Cir. 2001).

The burden is on the defendant to establish the defendant's criminal history category significantly over represents the seriousness of the defendant's criminal history, or the likelihood that the defendant will commit other crimes either or both by a preponderance of evidence to the Court. Departures are to be made on the basis of individualized consideration of the circumstances of a defendant's case rather than a general rule. <u>Koon v. United States</u>, 518 U.S. 81, 100 (1996). Fundamentally, because Mr. Shyne's crimes were minor in nature, non-violent, with little jail time imposed as a rule and satisfied by probation or conditional discharge, the criminal history demonstrates that despite the usual defendant assigned such a history, must have committed serious crimes requiring lengthy imprisonment periods, this defendant is not such a defendant with such a history. <u>United States v. DeJesus</u>, 75 F.Supp.2d 141, 144 (S.D.N.Y. 1999).

Even prior to United States v. Booker, 125 S.Ct. 738 (2005), the individual circumstances of Mr. Shyne's criminal history, the types and nature of the convictions as well as the fact that they are mostly petit larceny-like acts committed to support the drug habit, he has since kicked, justifies departure. The uncontradicted factual material admitted long term narcotics addiction established by a preponderance of evidence, that he was engaged in petty criminal behavior principally shoplifting in order to support a drug habit. He established the fact that he cleaned himself up after attending a program that actually worked. The crimes in the past and the current offense are of kinds and degree substantially different.

Honorable Kenneth M. Karas
United States District Judge
November 2, 2007
Page 4 of 8


The defendant also established that he acted in this case at the behest of his brother, but for whom he would never have been involved. The fact that he used his own bank account in committing the criminal behavior, as he was solicited to do, established that he did what he was asked by his brother. The type of criminality in the case at bar demonstrates a lack of recidivism when compared with his prior crimes and their respective motivations.

The particular Guidelines provision reflects the Sentencing Commission's recognition that there is a potential harm in overstating a defendant's criminal history, and thus by virtue of the mere numerical grid, occasion a sentence that substantially overstates the criminal history and thus causes the defendant to be punished far in excess of what may be necessary to deter recidivism. The government seems to argue that the departure is only available in cases such as those discussed in the commentary. U.S.S.G. § 4A 1.3 com. n. 3. The government also cites United States v. Carrasco, 313 F.3d 750, 757 (2d Cir. 2002) for the proposition that the departure is limited to that of the commentary. But Carrasco sets out firmly that the departure is available and most frequently used when a series of minor offenses often committed years before the instant offense results in a criminal history category that overstates the seriousness of the defendant's prior record. See Carrasco, 313 F.3d at 757. Nowhere in the case does it impose a mandatory requirement that the government seems to seek to enforce in its interpretation of the case. In assessing a defendant who is or was a long term drug addict, it is appropriate to assess the interplay between long term addiction and criminal history. See e.g. United States v. Hernandez, 2005 WL 1423276 (2005) (Sweet, J.) [career offender]. The Circuit has recognized in other contexts that criminality can largely be a product of the defendant's drug addiction. See United States v. Williams, 65 F.3d 301 (2d Cir. 1995) and that rehabilitation can benefit the individual and society. United States v. Maier, 975 F.2d 944, 948 (2d Cir. 1992). Further, it has been recognized by the District Court that a defendant may not belong

Honorable Kenneth M. Karas
United States District Judge
November 2, 2007
Page 5 of 8


in such a high criminal history category when several of the sentences were probation terms or conditional discharges. See United States v. DeJesus, 75 F.Supp.2d 141, 144 (S.D.N.Y. 1999). In DeJesus, the Court also noted that of the jail sentences only one was longer than 60 days. Id. In response to what is highly elevated, numerosity driven criminal record, but minor nonetheless, a departure to a lesser criminal history was warranted. Id.

With regard to the government's contention that they found no case sufficiently on point to cite to the Court, we disagree. The Court should consider whether the prior offenses were committed while the defendant was under the influence of drugs or alcohol, and whether the defendant has taken steps to deal with his substance abuse issues because if he has, then the likelihood of recidivism is much lower. See United States v. Lacy, 99 F.Supp.2d 108, 119 (D.Mass. 2000), aff'd, 16 Fed.Appx. 10 (1st Cir. 2001) (departing where defendant's record was "largely non-violent, and relatively minor, the kind that characterizes an out-of-control addict"); see also United States v. Abbott, 30 F.3d 71, 72-73 (7th Cir. 1994) (remanding for consideration of § 4A1.3 departure where defendant argued that priors were "petty crimes related to his substance abuse addictions"); United States v. Fletcher, 15 F.3d 553, 557 (6th Cir. 1994) (noting defendant's attempts to deal with his alcohol problems in context of § 4A1.3 departure), overruled on other grounds as stated in United States v. Jones, 107 F.3d 1147 (6th Cir. 1997).

Closer to home, in United States v. Austin, 2006 WL 305462 (S.D.N.Y. 2006), assessing the defendant, Judge Sweet examined the record of a defendant who had a long and extensive criminal history including 28 criminal convictions, eight pending cases and a 15 criminal history points, "almost entirely of shoplifting offenses", similar to that of the defendant. Austin too had a felony offense. The criminal history of Austin placed her in a Category VI as well. The crime for which she pled guilty in federal court was illegal re-entry. Judge Sweet

Honorable Kenneth M. Karas
United States District Judge
November 2, 2007
Page 6 of 8


found that her Criminal History Category of VI overstated the seriousness of her criminal conduct, "especially given that the majority of her offenses were misdemeanors." Austin. Id. Judge Sweet adjusted the sentence for a variety of reasons not approved under current law. The significance is that the Court in Austin made the same finding that we are asking for this Court to make on the same type of criminal record. In United States v. Hammond, 37 F.Supp.2d 204, 205 (E.D.N.Y. 1999), Judge Weinstein departed horizontally from Category VI to Category III on the basis of the fact that the record of the defendant revealed no violent behavior, that his prior arrests resulted from minor drug crimes involving the facilitation of the same drugs and the kind of petty criminality associated with a "poor addict's attempt to acquire the money for the purchase of narcotics." Id. at 205. Judge Weinstein observed that drug addicts often repeatedly relapse no matter what the determination is to overcome the addiction. United States v. Hammond, 37 F.Supp.2d 204, 205 (E.D.N.Y. 1999).

  The Court should also consider whether the inclusion of minor, non-violent offenses results in a distortion of the defendant's criminal history category. See United States v. Mishoe, 241 F.3d 214, 219 (2d Cir. 2001) (stating that the sentencing court could consider the circumstances of the prior offenses, the sentences previously imposed, and the amount of time previously served compared to the sentencing range called for by the guidelines); United States v. Spencer, 25 F.3d 1105, 1113 (D.C.Cir. 1994) (remanding for consideration of § 4A1.3 departure based on "relatively minor nature" of prior offenses); Fletcher, 15 F.3d at 557 (affirming departure based in part on type of prior convictions); Wilkerson, 183 F.Supp.2d 373, 381 (D. Mass. 2002) (departing where defendant had no convictions for crimes of violence but mostly drug and motor vehicle offenses); United States v. Wilkes, 130 F.Supp.2d 222, 239-40 (D.Mass. 2001) (departing to category I where defendant had only "two convictions for minor drug offenses" yet was placed in category III); United States v. Leviner, 31 F.Supp.2d 23, 32-34 (D.Mass. 1998) (departing where defendant's priors where minor,

Honorable Kenneth M. Karas
United States District Judge
November 2, 2007
Page 7 of 8

mostly motor vehicle and possession charges, and non-violent); United States v. Stevenson, 829 F.Supp. 99, 100 (S.D.N.Y. 1993) (stating that where defendant's convictions arise from personal drug use a departure may be warranted).

Of some significance, but ignored by the government, is the fact that the crimes committed were principally non-violent. The criminal history category should take into account, as a major factor, Mr. Shyne's history of non-violence in assessing the criminal history category. See Paulino-Duarte, Id. at *4. See also Leviner, 31 F.Supp.2d at 29-30 (D Mass. 1998) [treating offenders that are completely different in a like way creates a new form of disparity].

The courts have recognized where there are a high number of minor convictions where the defendant has done little actual time, it is appropriate to provide the departure in aid of current rehabilitative purposes. A lengthy sentence for Mr. Shyne, based upon a high criminal history category will lessen, not increase, the likelihood of rehabilitation. See Paulino-Duarte, Id. at *4.

The government, in response to the defendant, labels the "icing on the cake" as regards to the use of the arrests of the defendant. Feigning puzzlement the government fails to grasp why an objection under United States v. Miller, 263 F.3d 1 (2d Cir. 2001) is appropriate. The government only considered the issue in the context of plain error leaving the matter open. Thus the objection is made in consideration of Miller and thus, is a preservation of the issue for appellate purposes if necessary. The D.C. Circuit considered the Miller issue and spoke sense regarding exclusion of arrests in calculations for downward departures issues. See United States v. Joaquin, 326 F.3d 1287 (D.C. Cir. 2003).

Taken together, the law and the facts by a preponderance of evidence allows this Court to make the necessary findings that the criminal history of this defendant

Honorable Kenneth M. Karas
United States District Judge
November 2, 2007
Page 8 of 8


is overstated by the purely mathematical Criminal History Category assigned, and that the defendant should receive a horizontal departure as permitted by U.S.S.G. § 4A 1.3 because it is a sentence no greater than necessary, allowed by law and justified by the defendant's history and characteristics, and based upon a conclusion that the defendant is not likely to recidivate.

                                        Respectfully yours,


                                        _/s/ DAVID L. LEWIS_____
                                        DAVID L. LEWIS

DLL/bf
cc:  E. Danya Perry (via ECF and facsimile (212) 637-2429)
     Daniel W. Levy (via ECF and facsimile (212) 637-2429)
      Assistant United States Attorneys
     Nathaniel Shyne